CHATHAM & PHŒNIX NAT. BANK v. LOVEGROVE.

(Circuit Court of Appeals, Third Circuit.   October 22, 1917.)

No. 2264.

FRAUDULENT CONVEYANCES ⬤⟲57(3)—SOLVENCY OF DEBTOR—CONVEYANCE TO WIFE AND CHILDREN.

> Where a solvent man, able to pay his debts and having no hazardous business in contemplation, without intent to defraud subsequent creditors, made a voluntary conveyance of real estate to his wife's brother, for the benefit of his wife and daughter, and the rents thereafter went to the wife and daughter, he did not continue to be the beneficial owner, and the conveyance was not fraudulent as to creditors.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Feigned issue between the Chatham & Phœnix National Bank and Maibelle S. Lovegrove.   Judgment for defendant, and the bank brings error.   Affirmed.

Joseph S. Clark and C. Alison Scully, both of Philadelphia, Pa., for plaintiff in error.

Albert W. Sanson, of Philadelphia, for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge.   In the court below this was a feigned issue between the Chatham & Phœnix Bank and Maibelle Lovegrove to determine the right to certain rents, and the writ of error attacks the correctness of binding instructions in favor of the defendant.

The dispute arises upon the following facts:   In January, 1915, the bank sued, and in February recovered a judgment against, Thomas Lovegrove for more than $4,600, upon several notes dated between January 15 and April 2, 1914.   Upon this judgment numerous attachment executions were issued, and the tenants of three buildings on Third street in the city of Philadelphia were summoned as garnishees. The ownership of the buildings was the point in controversy; the bank asserting that Thomas Lovegrove must be regarded as the true owner, while Maibelle Lovegrove, the daughter of Thomas, asserted her own title.   To avoid expense and confusion, the parties agreed to a receivership, and afterwards to an issue for the purpose of determining who was the owner.   It appeared without contradiction that on June 28, 1911, the buildings were owned by Thomas Lovegrove, a dealer in machinery, and were conveyed by him on that day to Wm. G. Huey, a brother of his wife.   The conveyance was voluntary; its object being to transfer the property for the benefit of Lovegrove's wife and daughter.   Huey held the title until October, 1913 (the rents going to the wife and daughter), and then conveyed to Mrs. Lovegrove, who in turn conveyed to Maibelle in October of the following year; these two deeds being also voluntary, but having the same object as the deed of 1911.   The bank limits its attack to the deed of October, 1913, in-

sisting that the deed of 1911 should be disregarded, and asserting as the reason that Thomas Lovegrove continued to be the beneficial, and therefore the real, owner thereunder. The deed of 1913 is assailed on the ground that the bank (although a subsequent creditor) was defrauded, because the debt upon which the judgment is based was contracted soon after the deed of 1913 was delivered.

We do not think the evidence sustains this contention, for in our opinion the record contains nothing to defeat the deed of 1911. In June of that year Thomas Lovegrove was solvent, and no legal obstacle prevented him from making a family settlement. He did *not* continue to be the beneficial owner; he had no hazardous business in contemplation; he was able to pay his debts; and there is no evidence that he intended to defraud subsequent creditors. Nothing is shown concerning his notes to the bank, except the mere fact that he is bound by them, and the record discloses no connection between this debt and his financial condition in 1911. In a word, no fact was proved that would justify a suspicion that the deed of that year was made in fraud, either of such debts as perhaps he may then have had, or of other debts to be afterwards contracted. The legal question sought to be raised by the bank—namely, should a jury be allowed to find the fact of fraud merely from the fact that a debt has been contracted within a few months after a voluntary conveyance?—does not arise on this record, and need not be discussed.

As no facts were in dispute, the direction to find for the defendant was correct, and accordingly the judgment is affirmed.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes